July 14, 2020

**VIA ECF**
Honorable Margo K. Brodie, U.S.D.C.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Ally Financial Inc. and Ally Bank v. Comfort Auto Group NY, LLC, Route 206 Auto Group, LLC, and Heshy Gottdiener*
      Case No. 1:20-cv-01281-MKB-RLM

I represent Defendants Comfort Auto Group NY ("Comfort Auto"), LLC; Route 206 Auto Group, LLC ("Route 206"), and Heshy Gottdiener ("Gottdiener") (collectively "Defendants") in the above-referenced action. In accordance with Rule 3(A) of Your Honor's Individual Rules and the Federal Rules of Civil Procedure, Defendants submit this Pre-Motion Letter requesting that the Court grant the within motion to be relieved, which seeks my withdrawal as my clients' counsel.

On July 10, 2020 this matter was referred to court-annexed mediation and a mediation status report was requested by September 30, 2020. Counsel is not asserting a retaining/charging lien.

**Cause for Relief**

Pursuant to CPLR Section 321(b)(2):

> An attorney of record may withdraw or be changed by order of the court in which the action is pending, upon motion on such notice to the client of the withdrawing attorney, to the attorneys of all other parties in the action or, if a party appears without an attorney, to the party, and to any other person, as the court may direct.

It is well established in New York that an attorney has the right to terminate an attorney/client relationship and that an attorney may be relieved upon reasonable notice to the client and upon a showing of good and sufficient cause. Cantinieri v. Carrere, 106 AD3d 1475 (4th Dep't 2013); Khan v. Dolly, 39 AD3d 649 (2nd Dep't 2007); Mason v. MTA New York City Transit, 38 AD3d 258 (1st Dep't 2007).

As attorney herein, I have provided reasonable notice to my clients (See Proof of Service attached). Good and sufficient cause is found to exist where a client has failed and/or refused to cooperate with counsel and in cases where a client has failed to pay their attorney's fees despite the client's ability to do so. Misek-Falkoff v. Metropolitan Tr. Auth., 65 AD3d 576 (2nd Dep't 2009) (holding that sufficient cause for withdrawal has been found where there are irreconcilable differences between the attorney and the client).

Here, Defendants and counsel have irreconcilable differences as to the proper course to be

pursued in litigation. To elaborate and expand on that, Defendants have not been forthcoming and honest with their counsel with information regarding this lawsuit, further aggravating the litigation process and strategies. This lack of information and false information has made counsel's attempt at representation impossible. Due to Defendants' failure to cooperate and disregard for counsel's guidance, any possibility of a successful, cooperative attorney/client relationship has been lost. Lake v M.P.C. Trucking Inc., 279 AD2d 813 (3rd Dep't 2001) (holding sufficient and good cause exists when the client 'the relationship between [defendants] and [their] attorney ha[s] deteriorated to the point where further representation [is] inappropriate') (internal citations omitted).

Based on the foregoing, counsel for Defendants respectfully requests to be relieved from this matter. I thank the Court for consideration of this pre-trial request.

                                                     Yours, etc.

                                                     *Scott C. Levenson*
                                                     Scott C. Levenson, Esq.
                                                     Levenson Law Group
                                                     Attorneys for Defendants