```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ALLY FINANCIAL INC., et al.,

                        Plaintiffs,              MEMORANDUM
                                                 AND ORDER

        -against-                                20-CV-1281 (MKB)

COMFORT AUTO GROUP NY LLC, et al.,

                        Defendants.
-------------------------------------------------------------x
```

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court is an unopposed letter-motion filed by plaintiffs Ally Financial Inc. and Ally Bank ("plaintiffs") for an order precluding defendants Comfort Auto Group NY LLC ("Comfort"), Route 206 Auto Group, LLC ("Route 206") and Hesh Gottdiener ("Gottdiener") (collectively, "defendants") from using certain evidence in this action, and for monetary sanctions. See Motion for Sanctions (Mar. 22, 2021) ("Pl. Motion"), Electronic Case Filing ("ECF") Docket Entry ("DE") #60. For the reasons that follow, this Court grants plaintiffs' motion.[1]

---

[1] "[A] magistrate judge has authority to issue [an] award of attorney's fees as a Rule 37 sanction or issue a preclusion order as such orders are non-dispositive." Capricorn Mgmt. Sys., Inc. v. Gov't Emps. Ins. Co., 15-CV-2926 (DRH) (SIL), 2020 WL 1242616, at *4 (E.D.N.Y. Mar. 16, 2020); see Cates v. Trs. of Columbia U. in City of N.Y., 330 F.R.D. 369, 372 (S.D.N.Y. 2019) ("Motions . . . seeking preclusion sanctions 'are ordinarily considered non-dispositive, and therefore fall within the grant of Rule 72(a), unless the sanction employed disposes of a claim.'") (quoting Seena Int'l, Inc. v. One Step Up, Ltd., No. 15-CV-01095 (PKC)(BCM), 2016 WL 2865350, at *10 (S.D.N.Y. May 11, 2016)); see also Rosa v. Genovese Drug Stores, Inc., No. 16-CV-5105 (NGG) (LB), 2017 WL 4350276, at *1 (E.D.N.Y. July 31, 2017) (treating a magistrate judge's order imposing an adverse inference instruction sanction as non-dispositive, and reviewing the order under a "clearly erroneous" standard).

## BACKGROUND

On March 9, 2020, plaintiffs commenced this litigation, complaining of defendants' alleged defaults on multiple commercial loans and floorplan financing facilities (aggregating more than $29 million), intended to finance defendants' operation of automobile dealerships. See generally Complaint (Mar. 9, 2020), DE #1; Amended Complaint (May 8, 2020), DE #9.

On May 15, 2020, the Court held an initial conference and set a discovery schedule, requiring that fact discovery be completed by December 22, 2020 and that expert discovery concerning liability be completed by March 19, 2021. See Minute Entry (May 15, 2020), DE #15. On December 21, 2020, upon the joint request of the parties, the Court extended the fact discovery deadline to February 5, 2021 and the liability expert discovery deadline to May 3, 2021. See Order (Dec. 21, 2020).

Meanwhile, on November 4, 2020, plaintiffs served documents requests and interrogatories on defendants, for which responses were due on December 4, 2020. See DE #60-1. Plaintiffs also served notices of deposition for each of the defendants – depositions for corporate representatives of Comfort and Route 206 were noticed for December 8, 2020 and the deposition of Gottdiener for December 9, 2020. See DE #60-2. Counsel for defendants advised plaintiffs' counsel that defendants would produce their discovery responses, at the latest, by December 7, 2020. See DE #60-3 at ECF p.2. However, on that date, rather than making the requisite disclosures, counsel for defendants claimed that defendant Gottdiener was ill and unable to produce the requested documents or information or to appear for a deposition. See Pl. Motion at 2; see also DE #60-4 at ECF p. 4 (email dated December 31, 2020 from defense counsel: "My client is still ill. I will not have responses before the New Year.").

Thereafter, by letter filed on January 26, 2021, plaintiffs moved to compel defendants to produce discovery responses and witnesses for depositions. See Letter Motion to Compel Discovery (Jan. 26, 2021), DE #53. Having concluded that "Gottdiener's claim of continuing ill health . . . is both unsupported and inconsistent[,]" the Court granted plaintiffs' motion to compel insofar as it directed defendants to respond to plaintiffs' discovery demands by February 17, 2021 and to appear for depositions on or before March 16, 2021. See Memorandum & Order (Feb. 11, 2021) at 2, DE #56. The Court further extended expert discovery concerning liability until June 18, 2021, see id., and denied plaintiffs' request for discovery sanctions without prejudice, see id. at 3.

On February 18, 2021, defendants filed a procedurally improper *ex parte* application seeking an extension of unspecified duration due to Gottdiener's purported continued poor health, see DE #57 (sealed); DE #58 (restricted to case participants), which motion was stricken by the Court, see Order (Feb. 18, 2021).

On March 11, 2021, the parties filed a joint application for an extension of time to complete discovery. See Joint Motion for Extension of Time to Complete Discovery (Mar. 11, 2021), DE #59. The parties requested that the Court "so-order" a modification to the discovery schedule (the "Stipulation") as follows:

> (i) Defendants shall produce substantive and complete responses to the Ally Parties' outstanding discovery requests on or before March 19, 2021;
>
> (ii) Defendant Gottdiener shall appear for deposition on April 13, 2021, April 20, 2021, and/or April 27, 2021;
>
> (iii) Defendants shall neither seek nor receive any further discovery extensions from Plaintiffs or the Court; [and]

3

> (iv) If Defendants fail to comply with any of the foregoing deadlines, Defendants will be suppressed at summary judgment and/or at trial of this matter from using Defendants' documents and witness testimony in the defense of the causes of action asserted in the Complaint and in Comfort's prosecution of its Counterclaims.

Id. at 1-2.

The Court granted the parties' joint motion in its entirety and expressly warned that "no further extensions will be permitted and that defendants' failure to fully comply with their discovery obligations and/or the new deadlines will result in the sanction/remedy of preclusion." Order (Mar. 11, 2021) ("March 11th Order").

To date, defendants have continued to flout the parties' Stipulation and the Court's March 11th Order, including by failing to produce any documents, provide written discovery responses, or produce witnesses for deposition. See Pl. Motion at 3; see also Letter Motion for Sanctions and Default regarding non-compliance with Court's Orders (July 22, 2021) ("7/22/21 Motion for Default") at 3, DE #71. Plaintiffs seek an order enforcing the Stipulation as follows:

> (i) Defendants are precluded, prohibited, and suppressed from the supplying, introduction, or use of any and all evidence, including documentary and testimonial, in connection with any hearing or motion, including summary judgment, or at trial of this action, unless the specific evidence was produced by the Ally Parties during discovery or provided by the Ally Parties in connection with this action;
>
> (ii) Defendants are precluded from the use of any documentary exhibit in connection with any motion for summary judgment, or in opposition to a motion for summary judgment, unless the specific document was produced by the Ally Parties during discovery;
>
> (iii) Defendants are precluded from use of any witness affidavit or declaration, including without limitation any affidavit or declaration by Defendant Gottdiener, in connection with any motion for summary judgment, or in

4

 opposition to a motion for summary judgment, unless the affidavit or declaration was prepared by the Ally Parties;

 (iv) Defendant Gottdiener is precluded from testifying on his own behalf or on behalf of Defendants Comfort Auto Group NY LLC or Route 206 Auto Group LLC in connection with any motion for summary judgment, or in opposition to a motion for summary judgment, or at trial;

 (v) Defendants Comfort Auto Group NY LLC and Route 206 Auto Group LLC are precluded from calling to testify or offering the testimony of any designated representative on their behalf in connection with any motion for summary judgment, or in opposition to a motion for summary judgment, or at trial;

 (vi) Defendants are precluded from calling to testify or offering the testimony of any witness, including experts, in connection with any motion for summary judgment, or in opposition to a motion for summary judgment, or at trial;

 (vii) Defendants are sanctioned $500.00 for violating the Court's March 11, 2021 Order and shall make a payment towards Plaintiffs' legal fees by check to Ally Financial, Inc. by April 9, 2021[.][2]

See Pl. Motion at 3-4.

Defendants never responded to plaintiffs' motion for sanctions. See Order (Mar. 23, 2021) (setting deadline of March 26, 2021); Order (Mar. 29, 2021) (*sua sponte* extending deadline to March 30, 2021, after defendants failed to respond, and warning them that sanctions motion would be granted absent a response). Instead, on March 30, 2021, counsel for defendants filed an application to withdraw, on the ground that defendants "cease[d] all communications with our office." Response to Motion (Mar. 30, 2021), DE #61. After defense counsel cured the derelictions in his motion, see Order (Mar. 31, 2021); Sealed Letter Motion to Withdraw (Apr. 9, 2021), DE #64; Sealed Affidavit (Apr. 12, 2021), DE #65-2,

---

[2] Plaintiffs also request that, if defendants "fail[] . . . to comply with the foregoing[,]" the counterclaims be dismissed with prejudice and their Answer stricken. See Pl. Motion at 4. As this particular request concerns dispositive relief, which a magistrate judge is not empowered to grant, and plaintiffs have in the interim applied to the District Court for those sanctions, see 7/22/21 Motion for Default, this Court does not address that aspect of the request in this Memorandum and Order.

and defendants persisted in their nonresponsiveness, the Court granted defense counsel leave to withdraw, see Electronic Order (June 17, 2021). In doing so, the Court observed that "defendants have, for months, been obstructing discovery and the progress of this case. The Court refuses to delay this litigation further in the absence of any indication that defendants are prepared to comply with their obligations as defendants." Id. The Court again directed defendants to respond to the instant motion by July 1, 2020. Id. No new counsel has entered a notice of appearance on behalf of defendants. And, consistent with their prior pattern, defendants still have not responded to the instant motion.

## DISCUSSION

### I.     The Stipulation

A stipulation "is treated as a contract among the parties, and is subject to the general principles of contract construction and interpretation." In re Revere Armored, Inc., 131 F.3d 132 (table), 1997 WL 794460, at *3 (2d Cir. 1997) (citations omitted); see Hirsch v. Qingdao Orien Com. Equip. Co., Ltd., 12-CV-952 (RRM), 2015 WL 1014352, at *7 (E.D.N.Y. Mar. 6, 2015) ("[S]tipulations and orders are binding agreements, that are enforceable just as contracts are.") (internal quotation marks and citation omitted); Dziennik v. Sealift, Inc., No. 05-CV-4659 (DLI)(MDG), 2009 WL 3245291, at *3 (E.D.N.Y. Sept. 30, 2009) (enforcing stipulation that released claim of lien against vessel). "Under New York law, the terms of a contract must be construed so as to give effect to the intent of the parties as indicated by the language of the contract." Curry Rd. Ltd. v. K Mart Corp., 893 F.2d 509, 511 (2d Cir. 1990); see Innophos v. Rhodia, S.A., 10 N.Y.3d 25, 29 (2008). "'[W]hen parties set down their agreement in a clear, complete document, . . . their writing should as a rule be enforced

according to its terms.'" In re AMR Corp., 730 F.3d 88, 98 (2d Cir. 2013) (quoting W.W.W. Assocs., Inc. v. Giancontieri, 77 N.Y.2d 157, 162 (1990)).

The parties' Stipulation, so-ordered by the Court, is unambiguous. The parties agreed that defendants would suffer certain sanctions if they failed to comply with the extended deadlines to which they agreed. It is undisputed that defendants failed to abide by their agreement to produce discovery and provide witnesses for depositions by the deadlines specified – or, for that matter, any time thereafter. As a result of defendants' breach of the parties' agreement, plaintiffs are entitled to the relief specified in the parties' Stipulation. Accordingly, defendants are precluded "at summary judgment and/or at trial of this matter from using [d]efendants' documents and witness testimony in the defense of the causes of action asserted in the Complaint and in Comfort's prosecution of its Counterclaims." Stipulation at 1-2; see March 11th Order ("defendants' failure to comply with their discovery obligations and/or the new deadlines will result in the sanction/remedy of preclusion").

**II.    Rule 37 of the Federal Rules of Civil Procedure (the "FRCP")**

    A.    *Preclusion*

Even if the parties had not agreed in advance to preclusion as a sanction for defendants' violation of the Court's March 11th Order, defendants' intransigence warrants a preclusion order under Rule 37 of the FRCP, which governs the district court's procedures for enforcing discovery orders and imposing sanctions for misconduct. Pursuant to Rule 37(b)(2), "[i]f a party or a party's officer, director, or managing agent -- or a witness designated under Rule 30(b)(6) . . . -- fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include . . . prohibiting the

7

disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence[.]" Fed. R. Civ. P. 37(b)(2)(A). Courts enjoy broad discretion in fashioning appropriate (even severe) sanctions.[3] See, e.g., Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991).

As defendants have abandoned their defense of this case and ignored their discovery obligations and court orders, severe sanctions are warranted. See, e.g., Valentine v. Museum of Modern Art, 29 F.3d 47, 49–50 (2d Cir. 1994) (affirming dismissal where *pro se* plaintiff exhibited "sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders to appear for his deposition would result in the dismissal of his action"); Daval Steel, 951 F.2d at 1367 ("Although an order . . . precluding a party from presenting evidence in opposition to [a claim] is strong medicine, such orders are necessary on appropriate occasion to enforce compliance with the discovery rules and maintain a credible deterrent to potential violators."); John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1177 (2d Cir. 1988) (upholding dismissal of third-party claims where district court issued two warnings that failure to obey discovery orders would result in dismissal); Integrity Elecs., Inc. v. Garden State Distribs., Inc., No. 09 CV 2367(ILG), 2012 WL 1041831, at *5 (E.D.N.Y. Jan. 6, 2012) (recommending that default judgments be entered, or that defendants be precluded from offering evidence in opposition to plaintiff's claims, where defendants "failed to comply in a timely or adequate fashion" to court

---

[3] In considering the sanctions to impose, courts consider: (1) the willfulness of the acts of the noncompliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the noncompliant party had been warned of the consequences of noncompliance. See Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302-03 (2d Cir. 2009).

orders and where their "behavior throughout th[e] case [wa]s consistent with a deliberate strategy to delay and frustrate the[ ] proceedings"), adopted, 2012 WL 1041349 (E.D.N.Y. Mar. 28, 2012) (striking answer and counterclaims and entering default judgment against noncompliant defendants).

"[T]he Court must select sanctions that are commensurate with the non-compliance such that they restore the prejudiced party, as nearly as possible, to the position it would have occupied had the discovery been produced and the evidence disclosed." Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., 328 F.R.D. 100, 120 (S.D.N.Y. 2018) (internal quotations and citation omitted). Here, the only reasonable inference to be drawn is that in ignoring the Court's orders, defendants willfully abandoned their defense of this case and the prosecution of their counterclaims. Defendants' persistent pattern of ignoring the Court's orders suggests than any lesser sanction would be similarly ignored. Under Rule 37, prejudice to the moving party is one of the factors to be considered in fashioning a remedy. See S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 148–49 (2d Cir. 2010); Design Strategy, Inc. v. Davis, 469 F.3d 284, 296 (2d Cir. 2006). Having weighed the relevant factors, this Court concludes that a preclusion order consistent with the one described in the parties' so-ordered Stipulation, see Stipulation § (iv), best minimizes the prejudice caused by defendants' failure to participate in discovery. Here, the defendants' complete failure to cooperate in discovery deprives plaintiffs of an opportunity to marshal evidence in support of their claims and to defend against defendants' counterclaims, and thus warrants an order precluding defendants from using documents and witness testimony that defendants failed to timely

disclose to plaintiffs.[4] See Lujan v. Cabana Mgmt., Inc., 284 F.R.D. 50, 75 (E.D.N.Y. 2012) ("Absent preclusion, plaintiffs will be extremely prejudiced in that they have no discovery, such as time records, concerning these individuals."); Ho v. Target Constr. of NY, Corp., No. 08–CV–4750 (KAM)(RER), 2010 WL 2292202, at *4 (E.D.N.Y. June 3, 2010) (precluding defendant from offering any evidence at trial in support of his defense where plaintiff would be "unfairly prejudiced if defendant is permitted to shirk his obligations to disclose and designate his exhibits and witnesses for trial"); Koury v. Derzhavin, No. CV20043180FBMDG, 2005 WL 2372840, at *1 (E.D.N.Y. Apr. 25, 2005) ("Preclusion is an appropriate sanction here since defendant's failure to attend his own deposition thwarts plaintiff's ability to prepare for trial.").

B.   *Attorneys' Fees*

As to plaintiffs' request for $500 to be applied toward plaintiffs' legal fees, such relief is not provided for in the court-ordered Stipulation. Compare Stipulation at 1-2 with Pl. Motion at 4. Nevertheless, under Rule 37(b)(2)(C), in addition to any of the sanctions authorized in Rule 37(b)(2)(A), a court may require the party failing to obey a discovery order to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an

---

[4] Plaintiffs' sanctions motion also seeks an order precluding defendants from offering expert opinions at trial or in connection with any summary judgment motion. See Pl. Motion at 4 (section (vi)). As neither the so-ordered Stipulation nor the Court's compulsion orders referenced expert opinions, the Court concludes that its primary rationale for granting a preclusion order does not extend to expert opinions. That said, defendants apparently have not served any expert disclosures within the time allotted by the Court, and have thereby waived the right to rely on expert opinions. See Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

award of expenses unjust. See Fed. R. Civ. P. 37(b)(2). In other words, "the burden is on the violator to show that there was a substantial justification for the violation, or that circumstances would make it unjust to award reasonable expenses to the moving party." In re Doria/Memon Disc. Stores Wage & Hour Litig., 14 Civ. 7990, 2018 WL 1353261, at *5 (S.D.N.Y. Mar. 15, 2018); (quoting Kizer v. Abercrombie & Fitch Co., 12-CV-5387(JS)(AKT), 2016 WL 5338537, at *2 (E.D.N.Y. Sept. 23, 2016)).

Under the circumstances, as discussed above, defendants' failure to comply with this Court's March 11th Order was not substantially justified, and plaintiffs reasonably responded to that dereliction by filing their motion for sanctions – a four-page single-spaced application. Although plaintiffs have not submitted their contemporaneous time records in connection with their request for sanctions, the Court is confident, based on its knowledge of hourly rates in this District, that the modest $500 sum sought by plaintiffs represents but a fraction of the legal fees plaintiff incurred in litigating the sanctions motion. See Martinez v. N.Y. City Health & Hosps. Corp., 15 Civ. 515 (ALC) (GWG), 2017 WL 6729296, at *6 (S.D.N.Y. Dec. 28, 2017) (in ordering sanctions for failure to respond to discovery requests and obey court orders, court exercises its "discretion to award fees notwithstanding the absence of [contemporaneous time] records"); Montesa v. Schwartz, 12 Civ. 6057 (CS)(JCM), 2015 WL 13173166, at *3 & n.4 (S.D.N.Y. Oct. 13, 2015) (awarding fees under Rule 37 without requiring contemporaneous time records, while noting split among district courts). Accordingly, defendants are directed to reimburse plaintiffs $500.00, for reasonable fees and costs expended in pursuing discovery from defendants.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion for sanctions is granted. Defendants are precluded at summary judgment and/or at trial of this matter from using defendants' documents and witness testimony in the defense of the causes of action asserted in the Complaint and in Comfort's prosecution of its Counterclaims. In addition, defendants are ordered to pay $500.00 for plaintiffs' reasonable attorneys' fees and costs.

Any objections to the rulings contained in this Memorandum and Order must be filed with the Honorable Margo K. Brodie on or before August 16, 2021. Failure to file objections in a timely manner may waive a right to appeal the District Court order.

Plaintiffs are directed to promptly serve copies of this Memorandum and Order on defendants and to file proof of service.

**SO ORDERED.**

**Dated:** Brooklyn, New York
July 30, 2021

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**