UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ALLY FINANCIAL INC., et al.,

                                                Plaintiffs,                        **REPORT AND
                                                                           RECOMMENDATION**

                          -against-                                          20-CV-1281 (MKB)

COMFORT AUTO GROUP NY LLC, et al.,

                                                Defendants.
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       Currently pending before this Court is an unopposed letter-motion filed by plaintiffs Ally Financial Inc. and Ally Bank ("plaintiffs"), requesting that the Court strike the answer of defendants Comfort Auto Group NY LLC ("Comfort"), Route 206 Auto Group, LLC ("Route 206") and Heshy Gottdiener ("Gottdiener") (collectively, "defendants") and enter a default against each of them. See Letter Motion for Sanctions and Default regarding non-compliance with Court's Orders (July 22, 2021) ("7/22/21 Motion for Default"), DE #71. By Order to Show Cause dated September 22, 2021, this Court directed defendants to respond to plaintiffs' motion or risk the entry of default against them. See Order to Show Cause (Sept. 22, 2021) ("9/22/21 Order"), DE #78. Nevertheless, defendants have failed to respond. For the reasons set forth below, this Court recommends that the District Court grant plaintiffs' motion to strike defendants' answer and enter a default against each defendant, pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure ("FRCP").

## BACKGROUND

On March 9, 2020, plaintiffs filed this action, asserting claims arising out of defendants' alleged defaults on multiple commercial loans and floorplan financing facilities (aggregating more than $29 million), intended to finance defendants' operation of automobile dealerships. See generally Complaint (Mar. 9, 2020), DE #1; Amended Complaint (May 8, 2020), DE #9.

On November 4, 2020, plaintiffs served document requests and interrogatories on defendants, for which responses were due on December 4, 2020. See DE #60-1. Plaintiffs also served notices of deposition for each of the defendants, for December 8 and December 9, 2020. See DE #60-2. On January 26, 2021, plaintiffs moved to compel defendants to produce outstanding discovery responses and witnesses for deposition. See Letter Motion to Compel Discovery (Jan. 26, 2021), DE #53. On that same date, this Court directed defendants to show cause why the motion to compel should not be granted in its entirety. See Order (Jan. 26, 2021). Defendants failed to respond to the motion to compel, although they had previously explained to plaintiffs' counsel that their delay in responding to discovery was due to defendant Gottdiener's illness. See DE #60-4 at ECF p. 4 (email dated December 31, 2020 from defense counsel: "My client is still ill. I will not have responses before the New Year.").

By Order dated February 11, 2021, the Court granted plaintiffs' motion to compel in large part, directing defendants to respond to plaintiffs' discovery demands by February 17, 2021, and to appear for depositions on or before March 16, 2021, on pain of sanctions. See Memorandum & Order (Feb. 11, 2021) at 2, DE #56. The Court also denied plaintiffs' request for discovery sanctions without prejudice. See id. at 3. On February 18, 2021,

defendants filed an *ex parte* application for an extension of time on account of Gottdiener's continued illness, which the Court struck as procedurally improper. See DE #57 (sealed); DE #58 (restricted to case participants); Order (Feb. 18, 2021).

Due to defendants' continued failure to produce discovery, on March 11, 2021, the parties filed a joint application for an extension of the discovery deadline. See Joint Motion for Extension of Time to Complete Discovery (Mar. 11, 2021), DE #59. The parties jointly requested that the Court "so-order" a modification to the discovery schedule (the "Stipulation") as follows:

> (i) Defendants shall produce substantive and complete responses to the Ally Parties' outstanding discovery requests on or before March 19, 2021;
>
> (ii) Defendant Gottdiener shall appear for deposition on April 13, 2021, April 20, 2021, and/or April 27, 2021;
>
> (iii) Defendants shall neither seek nor receive any further discovery extensions from Plaintiffs or the Court; [and]
>
> (iv) If Defendants fail to comply with any of the foregoing deadlines, Defendants will be suppressed at summary judgment and/or at trial of this matter from using Defendants' documents and witness testimony in the defense of the causes of action asserted in the Complaint and in Comfort's prosecution of its Counterclaims.

Id. at 1-2. The Court so-ordered the parties' Stipulation, but expressly warned that "no further extensions will be permitted and that defendants' failure to fully comply with their discovery obligations and/or the new deadlines will result in the sanction/remedy of preclusion." Order (Mar. 11, 2021) ("3/11/21 Order").

After defendants failed to comply with the extended deadlines ordered by the Court at the parties' joint request, plaintiffs, by letter-motion dated March 22, 2021, sought an order to enforce the Stipulation, precluding defendants from using certain evidence in this action, and

for monetary sanctions. See Motion for Sanctions (Mar. 22, 2021) ("3/22/21 Motion"), DE #60. Defendants did not respond to plaintiffs' motion. See Order (Mar. 23, 2021) (setting deadline of March 26, 2021); Order (Mar. 29, 2021) ("3/29/21 Order") (*sua sponte* extending deadline to March 30, 2021, after defendants failed to respond, and warning them that sanctions motion would be granted absent a response). Thereafter, on March 30, 2021, counsel for defendants filed a motion to withdraw on the ground that defendants "cease[d] all communications with our office." Response to Motion (Mar. 30, 2021), DE #61. After the movant cured a procedural deficiency, the Court ultimately granted the motion to withdraw and warned defendants that because they "have, for months, been obstructing discovery and the progress of this case[,] [t]he Court refuses to delay this litigation further in the absence of any indication that defendants are prepared to comply with their obligations as defendants." Electronic Order (June 17, 2021) ("6/17/21 Order"). Outgoing defense counsel served copies of that Order on defendants via Federal Express, email, and text message. See Affidavit of Service (June 25, 2021), DE #70.

By order dated July 30, 2021, this Court granted plaintiffs' motion for sanctions, holding that defendants are "precluded 'at summary judgment and/or at trial of this matter from using [d]efendants' documents and witness testimony in the defense of the causes of action asserted in the Complaint and in Comfort's prosecution of its Counterclaims.'" Memorandum and Order (July 30, 2021) at 7, DE #72 (quoting Stipulation at 1-2). The Court found that "defendants have abandoned their defense of this case and ignored their discovery obligations and court order[s]." Id. at 8. The Court further imposed monetary sanctions on defendants in the amount of $500.00. See id. at 11. The Court's Memorandum and Order

4

was served on defendants by plaintiffs' counsel.  See Certificate of Service (Aug. 2, 2021), DE #73.

On September 3, 2021, the Honorable Margo K. Brodie, the District Judge assigned to this case, granted plaintiffs' motion to dismiss defendants' counterclaims.  See Memorandum and Order (Sept. 3, 2021), DE #76.  On the same day, Judge Brodie also issued an order directing defendants "to update the Court on the status of securing counsel" and to respond to plaintiffs' request for a pre-motion conference in contemplation of a summary judgment motion.  See Order (Sept. 3, 2021) ("9/3/21 Order").  The Court warned defendants "that their continued failure to respond to court orders may result in the entry of default judgment against them."  Id.  Nevertheless, defendants failed to file a status report or respond to plaintiffs' premotion conference request.  Plaintiffs' counsel served that Order on defendants by mail and email.  See Certificate of Service (Sept. 3, 2021), DE #77.

On July 22, 2021, plaintiffs filed the instant motion, which was served on defendants, see 9/22/21 Order (citing Certificate of Service, DE #73).  By order dated September 22, 2021, this Court directed defendants to show cause why plaintiffs' motion should not be granted.  See 9/22/21 Order.  The Court again warned defendants "that if they fail to timely respond to this Order, this Court will not hesitate to recommend that the District Court grant the requested sanction and enter default judgment against all three defendants."  Id. at 2.  The Court's staff mailed and emailed copies of that Order to defendants.   Defendants again failed to respond.

5

## DISCUSSION

Rule 16(f) of the FRCP authorizes district courts to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Under Rule 37, if a party disobeys a court order to provide discovery, the court may issue further "just" orders, including "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party[.]" Fed. R. Civ. P. 37(b)(2)(A). Factors guiding the district court's exercise of discretion include the following: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp., 694 F.3d 155, 159 (2d Cir. 2012) (alteration in original) (internal quotation marks omitted) (quoting Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009)). These factors are nonexclusive, and the district court has wide discretion in issuing "just" sanctions under Rules 16 and 37. See id.; S. New Eng. Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010); John B. Hall, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988).

Culpability or intent is a primary concern under Rule 37, such that the Rule does not authorize default where the failure to comply "has been due to inability, and not to willfulness, bad faith, or any fault" of the party against whom sanctions are sought. Yoon v. Jamaica French Cleaners, No. 12-CV-3845 (RLM), 2014 WL 4199723, at *2 (E.D.N.Y. Aug. 22, 2014) (quoting Societe Internationale Pour Participations Industrielles et Commerciales, S.A.

6

v. Rogers, 357 U.S. 197, 212 (1958)); see Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979).  The entry of default as a sanction is appropriate in the face of willful misconduct, "to achieve the purpose of Rule 37 as a credible deterrent 'rather than a paper tiger.'"  Update Art. Inc. v. Modiin Publ'g, Ltd., 843 F.2d 67, 71 (2d Cir. 1988) (quoting Cine Forty-Second St. Theatre, 602 F.2d at 1064).  Although dispositive relief is a severe sanction that should be granted only sparingly, a "continuing saga of dilatory conduct" will satisfy the threshold for entering a default under Rule 37.  See U.S. Freight Co. v. Penn Cent. Transp. Co., 716 F.2d 954, 955 (2d Cir. 1983) (internal quotation marks omitted).

The duration and willfulness of defendants' conduct herein supports a dispositive sanction in this case.  When evaluating the reason for defendants' conduct, courts consider "the [d]efendants' broader refusal to meaningfully participate in [the] litigation[.]"  Gesualdi v. Metro. Enters., Inc., 15-cv-1378 (ADS)(GRB), 2016 WL 6988830, at *2 (E.D.N.Y. Nov. 29, 2016) (collecting cases); see Garden City Boxing Club, Inc. v. Ascensio, CV 2004-3474 (DGT)(MDG), 2006 WL 8445872, at *3 (E.D.N.Y. Aug. 18, 2006) ("[D]efendants have failed to proceed with diligence throughout this action.").  In this case, defendants have willfully failed to participate throughout the discovery period.  Defendants have consistently ignored their discovery obligations and this Court's orders for more than six months, starting with their failure to comply with this Court's orders to produce discovery, and continuing with their failure to respond to Judge Brodie's order to provide a status report and to respond to plaintiffs' request for a premotion conference.  Since the time that defense counsel was permitted to withdraw on account of defendants' "failure to respond to and cooperate with

7

counsel," 6/17/21 Order, defendants offered no excuse for their noncompliance nor provided any opposition to plaintiffs' motions for sanctions, including the instant motion.[1] The continuing dilatory conduct by defendants and their refusal to comply with the Court's orders demonstrate their willfulness and bad faith. See Guggenheim Cap., LLC v. Birnbaum, 722 F.3d 444, 451 (2d Cir. 2013) ("sustained recalcitrance" warranted finding of willfulness); Vargas v. Jet Peru-Courier Corp., 15-CV-6859 (RRM)(PK), 2018 WL 1545699, at *4 (E.D.N.Y. Mar. 14, 2018) ("Defendants' repeated failure to comply with court orders and deadlines for an extended period over several months weigh[s] strongly in favor of dispositive sanctions."), adopted, 2018 WL 1545679 (E.D.N.Y. Mar. 28, 2018); Chowdhury v. Hamza Exp. Food Corp., 308 F.R.D. 74, 83 (E.D.N.Y. 2015); Yoon, 2014 WL 4199723, at *3; see also Handwerker v. AT&T Corp., 211 F.R.D 203, 209 (S.D.N.Y. 2002) ("[A] party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault.") (internal quotations and citations omitted), aff'd, 93 F.App'x 328 (2d Cir. 2004). Simply put, defendants have abandoned their defense of this case and ignored their discovery obligations and court orders. Accordingly, severe sanctions are warranted. See, e.g., Valentine v. Museum of Mod. Art, 29 F.3d 47, 49–50 (2d Cir. 1994) (affirming dismissal where *pro se* plaintiff exhibited "sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders to appear for his deposition would result in the dismissal of his action"); John B. Hull, 845 F.2d at 1177 (upholding dismissal of third-party claims where district court issued two warnings that failure to obey discovery orders would result in dismissal); Vargas, 2018 WL 1545699, at *4;

---

[1] Earlier in the litigation, defense counsel had advanced an "unsupported and inconsistent" assertion of Gottdiener's ill health. See Memorandum and Order (Feb. 11, 2021) at 2, DE #56.

Integrity Elecs., Inc. v. Garden State Distribs., Inc., No. 09 Civ. 2367(ILG)(CLP), 2012 WL 1041349, at *3 (E.D.N.Y. Mar. 28, 2012) (striking answer and counterclaims and entering default judgment against noncompliant defendants); Montblanc-Simplo GmbH v. Colibri Corp., 692 F.Supp.2d 245, 252 (E.D.N.Y. 2010) (finding that defendant's "continued silence with regard to discovery and other pretrial matters" was sufficiently willful to support default judgment).

Having been afforded ample time and opportunities to respond and participate in the action, including a "final opportunity to respond to plaintiffs' July 22, 2021 motion for default judgment," see 9/22/21 Order at 2, defendants, by their persistent flouting of court orders and deadlines, have demonstrated that the imposition of lesser sanctions would be futile. Defendants have repeatedly disregarded the Court's orders despite several judicial warnings as to the consequences of their derelictions.  Time and again the Court has cautioned defendants that their continued failure to respond would result in the striking of their answer and entry of default.[2] See 6/17/21 Order ("failure to satisfy their discovery obligations could result in the striking of their answer and entry of default judgment against all of them"); 9/3/21 Order ("Defendants are warned that their continued failure to respond to court orders may result in the entry of default judgment against them."); 9/22/21 Order at 2 ("Defendants are warned that if they fail to timely respond to this Order, this Court will not hesitate to recommend that the District Court grant the requested sanction and enter default judgment against all three

---

[2] The Court had previously warned defendants, while they were represented by counsel, that failure to comply with their discovery obligations would result in severe sanctions. See 3/29/21 Order ("Defendants are warned that if they fail to cure their omission by close of business on March 30, 2021, plaintiffs' motion for sanctions, including preclusion, will be deemed unopposed and will be granted."); 3/11/21 Order ("defendants' failure to fully comply with their discovery obligations and/or the new deadlines will result in the sanction/remedy of preclusion").

9

defendants."). Indeed, this Court has already considered and imposed lesser sanctions on defendants. Even after the Court imposed the severe sanctions of preclusion and awarded attorneys' fees against defendants, they continued to ignore the Court's orders, confirming that no sanction other than dismissal would be effective. See S.E.C. v. Razmilovic, 738 F.3d 14, 27 (2d Cir. 2013) (failure to obey a "single court order" to attend deposition in the face of the court's warning of possible sanctions, including default, "clearly supported an inference that renewed orders to appear would be unavailing and that no lesser sanction would be effective to induce [defendant] to appear in New York for his deposition"); Vargas, 2018 WL 1545699, at *4 ("Based on Defendants' failure to abide by numerous court orders and deadlines, there is no indication that any lesser sanctions under Rule 37 would be effective."); Oak-Jin Oh v. Soo Bok Choi, CV2011-3764 (DLI)(MDG), 2014 WL 12828963, at *4 (E.D.N.Y. Sept. 8, 2014) ("no sanction short of entering default would suffice" after defendant repeated the same conduct following judicial imposition of monetary sanctions).

In light of defendants "continuing saga of dilatory conduct," the Court recommends striking defendants' answer and entering a default against each defendant. More than one-and-a-half years have elapsed since plaintiffs filed the complaint and no meaningful discovery has been conducted due to defendants' total disregard of their discovery obligations. Despite being repeatedly warned and given opportunities by this Court to cure their deficiencies, defendants have continued to adhere to a pattern of noncompliance since the beginning of the discovery period – a pattern that weighs heavily in favor of an entry of default judgment. See Robertson v. Dowbenko, 443 F.App'x 659, 661 (2d Cir. 2011) (affirming district court's entry of default

given defendant's continued noncompliance where period of noncompliance delayed progress in case for more than two years).

In addition, as defendants have been previously warned, corporate entities are not permitted to proceed *pro se* in federal court. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993); Lattanzio v. COMTA, 481 F.3d 137, 139-40 (2d Cir. 2007). Accordingly, the entity defendants' failure to retain new counsel provides an independent basis for entering default against them.

## CONCLUSION

For the reasons set forth above, this Court respectfully recommends that plaintiffs' motion to strike defendants' answer and for entry of default be granted.

Any objections to the rulings contained in this Report and Recommendation must be filed with the Honorable Margo K. Brodie on or before December 10, 2021. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to mail and email copies of this Report and Recommendation to defendants.

**SO ORDERED.**

**Dated:    Brooklyn, New York
             November 23, 2021**

/s/ *Roanne L. Mann*
**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**

11